(51 Misc. Rep. 548.)

### In re ROTHAUG'S ESTATE.

(Surrogate's Court, Kings County. October, 1906.)

TRUSTS—REMOVAL OF TRUSTEE—MISCONCEPTION OF DUTY.

Where a testamentary trustee was directed by will to expend whatever in his judgment was necessary for the support and education of an infant, and refused to make such expenditures, it was ground for his removal, but where the act was caused by his misconception of his duties, and resulted in no serious harm, an application therefor will be denied on condition that the trustee reimburse petitioners for expenses of the application.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 217, 218.]

In the matter of the estate of Mary Rothaug. Application for removal of trustee for misconduct. Denied.

William W. Butcher, for petitioner.

Grim & Brainerd, for successor trustee.

CHURCH, S. The trustee of the express trust herein was directed to expend the income and so much of the principal as in his judgment might be necessary and proper for the support and education of the petitioner, who is an infant. The trustee has refused to make expenditures for the necessities of the infant unless directed to do so by an order of the court; and the infant, therefore, makes this application to remove the trustee for misconduct in not properly discharging his trust.

Upon the admissions contained in the answer of the trustee, it is plainly apparent that the trustee has been guilty of misconduct through a misconception of his fiduciary responsibilities; and this admission that the surrogate should direct the amount which it is to pay is an evident attempt to shift these responsibilities onto the shoulders of the surrogate. If this misconduct was in any way a willful act, I should remove the trustee immediately. But, as it consists only of the performance of a single act which has not resulted in any serious harm to the petitioner, I shall deny the application, provided that the trust company, in addition to taking intelligent action upon this matter, will agree in writing to reimburse the petitioner for the expenses of this application.

In conclusion, I would suggest that the trustee herein should, in future, have the matters in which it is acting as trustee under the charge of some intelligent trust official who understands the nature of the trusts reposed in the trust company and the obligations which it has to meet.

Let decree be presented accordingly.

Decreed accordingly.